FLORENCE MFG. CO. v. DOWD et al.

(Circuit Court of Appeals, Second Circuit. May 8, 1911.)

No. 262.

TRADE-MARKS AND TRADE-NAMES (§ 99*)—SUIT FOR UNFAIR COMPETITION—
REFERENCE.

Where a decree finding unfair competition by defendant and granting an injunction is entered by a Circuit Court in accordance with a mandate of the appellate court, complainant is entitled to a reference on the question of profits or damages, unless it clearly appears that proof of such profits or damages is impossible.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Dec. Dig. § 99.*

Unfair competition, see notes to Scheuer v. Muller, 20 C. C. A. 165; Lare v. Harper & Bros., 30 C. C. A. 376.]

Appeal from the Circuit Court of the United States for the Southern District of New York.

Suit in equity by the Florence Manufacturing Company against John C. Dowd and James H. Dowd. Decree for complainant, and defendants appeal. Affirmed.

A decree of the Circuit Court for the Southern District of New York was entered May 13, 1910, in favor of the complainant for an accounting and an injunction. The case is also here on a motion by complainant to dismiss the appeal on the ground that it was not taken in time. The original decree entered herein dismissed the bill. 171 Fed. 122. An appeal was taken to this court, where the decree of the Circuit Court was reversed and the cause was remanded with instructions to enter a decree in favor of the complainant upon the cause of action charging unfair competition. 178 Fed. 73, 101 C. C. A. 565.

A. Bell Malcomson (Martin Conboy, of counsel), for appellants. Macleod, Calver, Copeland & Dike, for appellee.

Before COXE, WARD, and NOYES, Circuit Judges.

COXE, Circuit Judge. The mandate directing that a decree be entered in accordance with the decision of this court is dated April 21, 1910. On May 13, 1910, a decree was entered in the Circuit Court without objection by the defendants although a copy of the decree with notice of settlement was served upon defendants' solicitor. After the settlement of the decree the defendants' solicitor agreed upon Mr. Shields as master to take the accounting and was present at the hearings before the master on May 25th, June 10th, July 13th and 14th. The defendants appeared, filed their account, and submitted themselves for examination. On September 17, 1910, a motion was made for resettlement of the decree, which was denied on October 5th thereafter. It was not until November 12, 1910, one day less than six months from the entry of the decree, that this appeal was taken.

An examination of the record has made it unnecessary for us to consider the motion to dismiss and we have concluded to dispose of the appeal on the merits. The instruction of this court to the Circuit Court, after the cause was remanded, was to enter a decree in conformity with our opinion. This meant, of course, the ordinary decree proper when a case of unfair competition has been established. The Circuit Court did not need to be informed of the details of such a decree. The decree entered, in its essential features, is correct. Some verbal changes might have been made with propriety and doubtless they would have been, if the attention of the court had been called to them; but there is nothing in the decree which justifies its reversal.

The acts of the defendants which warrant the finding of infringement are clearly stated in the decree, namely, selling

"tooth brushes, each of which they have placed in a box on which appears in conspicuous printed letters the word Sta-Kleen in imitation of the complainant's word Keepclean as charged in the bill of complaint."

The decree further states:

"That the defendants herein have so dressed their goods that they may be mistaken for the goods of the complainant and in so doing have infringed upon the exclusive rights of the complainant in the dress and appearance of the boxes or packages in which the complainant's goods are contained."

The accounting was ordered to ascertain the number of tooth brushes so sold which infringe the rights of the defendant as aforesaid. The injunction enjoins the defendants from doing any of the acts in the future which are declared to be infringements of the complainant's rights.

This is not a case where this court or the Circuit Court can say in advance that the complainant will be unable to establish the amount of the gains and profits which the defendants have made by reason of the unfair methods employed by them in dressing up their brushes to resemble the complainant's brushes. Except in those cases where the court is convinced that such proof is impossible, an accounting should be ordered. It is true that the action for unfair competition is based upon fraud but this may be inferred from the circumstances. As was said by this court in the case of Fairbank v. Windsor, 124 Fed. 200, 61 C. C. A. 233:

"In many of these unfair competition cases the fraudulent intent is inferred from the facts, sometimes against the sworn protestations of the infringer, that he was trying to differentiate his package from those of the complainant, not to simulate them."

That the complainant's task seems difficult and the result an inadequate return for time and labor expended is not now important. The complainant is entitled to its hearing before the master; if it fails in its proof the Circuit Court will deal with the situation as to costs and expenses when it enters the final decree.

We refrain from discussing many of the questions mooted on the briefs as to what may or may not be done upon the accounting for the reason that the facts are not sufficiently before us. It is to be assumed that the accounting will proceed in an orderly manner before the master and that the proof will be confined to the issues referred to him.

Should the report be in favor of the complainant any errors will be corrected by the Circuit Court or by this court. In other words, the cause should proceed in the usual orderly manner and the final decree will settle the ultimate rights of the parties.

The decree is affirmed.